CINCINNATI (CITY) v. EFFIE V. RYAN.

1. **Refusal to Instruct in Regard to Ability of Plaintiff to See and Avoid Defect in Street Held Prejudicial.**

   In an action for negligence against a city in which the evidence tends to show that a passenger alighting from a street car, although in the night season, by looking could have seen a hole in the street and avoided stepping into it, a refusal to give a special instruction, directed to that phase of the case, is prejudicial.

2. **Refusal to Give Judgment for City Upon Failure to Answer Interrogatory as to Safety of Street not Erroneous Since Jury Found City had Notice of Defect Therein.**

   A refusal to give judgment for a city in a negligence case is not improper for failure of the jury to answer an interrogatory as to whether the street in question was in reasonably safe condition, especially since the jury did find that the city had constructive notice of the defect therein complained of.

3. **General Verdict for Plaintiff not Sustained Against Evidence of Heedlessness of Plaintiff in Using Part of Street not Intended for Pedestrians.**

   A general verdict for plaintiff in an action against a city for a defect in a street is not sustained by sufficient evidence since it appears from the evidence that plaintiff stepped heedlessly from a street car and unnecessarily used a part of the street not intended for pedestrians.

ERROR to common pleas court.

*Constant Southworth*, for plaintiff in error.
*Thos. L. Michie*, for defendant in error.

**GIFFEN, P. J.**

The plaintiff in the original action, Effie V. Ryan, was injured by stepping from a summer street car into a hole in

the street at the corner of Sixth and Walnut streets, Cincinnati, Ohio. The evidence tends to prove that she did not look where she was stepping, and that by looking she could, although in the night season, have seen the hole in the street and easily avoided stepping in it.

Special instruction No. 4 requested by the defendant was addressed to this state of facts and its refusal by the court was error which was specially prejudicial because requested to be given before argument to the jury, and no like instruction as given in the general charge. *Conneaut* v. *Naef*, 54 Ohio St. 529 [44 N. E. Rep. 236].

The evidence tended to prove also that by taking one step to the right on the running board of the car she could have stepped down on the flag crossing intended for pedestrians and avoided all danger from the hole, which was nine inches west of the crossing. Under such circumstances special instruction No. 5 was pertinent, and its refusal was error. *Dayton* v. *Taylor*, 62 Ohio St. 11 [56 N. E. Rep. 480].

The record discloses the following interrogatories and answers of the jury:

No. 3. "Was the street at the point and time when and where plaintiff claims to have been injured, plainly visible by reason of the street and store lights burning at the time in question to a person using the street; and using ordinary care to discover defects in the street? Answer. No."

No. 4. "Was the depression in question in full view of plaintiff if she had looked where she was stepping in getting off the car, and could plaintiff by looking have easily seen and avoided it? Answer. Can't answer."

It will be noticed that the observer in the first interrogatory is not located at any particular point in the street, hence the jury might well say that the street at the place of the accident was not plainly visible to such person. To the second interrogatory, which is directed to the particular defect in the street and to the act of plaintiff in getting off the car without looking. the jury say "Can't answer." Such indefinite answer is in legal effect a denial of the existence of such facts, and

Cincinnati v. Ryan.

operates against the party whose case needs their support. *Railroad* v. *Swarts,* 58 Kan. 235 [48 Pac. Rep. 953].

It was necessary to allege in the petition or prove that the injury was caused without the fault or negligence of the plaintiff. *Street Ry.* v. *Nolthenius,* 40 Ohio St. 376.

Hence it was the defendant and not the plaintiff who needed the support of the facts embraced in this interrogatory and the answer operated against it.

No. 8. "Was the street at the time when and place where the plaintiff claims to have been injured in a reasonably safe condition for travel in the ordinary mode? Answer. "Can't answer."

Such answer must be construed as a denial of the existence of such facts, and necessarily operates against the defendant. The jury also specially found that the city had constructive notice of the defect in the street and we think the evidence supports the finding. It is manifest therefore that the court did not err in refusing to render judgment for the defendant upon the special findings. They tend to show, however, in the light of the evidence, that the jury did more or less guessing in rendering a general verdict for the plaintiff, for it seems quite clear to us that she heedlessly stepped down from the car without looking and had she done so would have seen the hole and avoided injury—that she unnecessarily used a part of the street not intended for pedestrians and could by using the flag crossing about a foot to her right, have alighted in safety.

The judgment will be reversed because not sustained by sufficient evidence and for error in refusing special instruction Nos. 4 and 5. The cause will be remanded for a new trial.

**Smith** and **Swing,** JJ., concur.